IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KAOS PRODUCTIONS, INC.,
d/b/a Spin Nightclub
2028 Hancock Street
San Diego, CA 92110,

        Plaintiff,

  v.

SMALL BUSINESS ADMINISTRATION,
409 3rd Street, SW
Washington, DC 20416,

ISABELLA CASILLAS GUZMAN,
Administrator, Small Business Administration,
409 3rd Street, SW
Washington, DC 20416,

        Defendants.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Kaos Productions, Inc., d/b/a Spin Nightclub ("Spin"), by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. Spin, a small, family-owned business and live entertainment venue for on-stage performances by local and international musicians, including DJs, bands and individual artists, demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied both Spin's application and its appeal, without giving a reason for either denial.

4. The COVID-19 pandemic has had a devastating impact on Spin, forcing it to close down in March 2020, lay off all of its employees, and lose over 80 percent of its revenue in 2020 as compared to 2019. Spin subsequently resumed operations on July 2, 2021. During the first two quarters of 2021, therefore, Spin suffered a 100 percent loss in revenue as compared to 2019. Spin needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like Spin recover from the major setbacks they have experienced because of the pandemic.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though Spin demonstrated that it is an eligible live venue operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of Spin's application.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

8. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

9. Plaintiff Spin is a small business and live music venue for on-stage performances by DJs, bands and individual artists. Opened in 2006 and family-owned since 2011, Spin is woven into the fabric of its San Diego community, providing a stage for local and international artists to share their music and an escape for audiences to listen and enjoy. Indeed, its location has served as a live music venue since 1991. For over 16 years, Spin has also been a leading live music venue for the LGBTQ community, and is the official music venue in San Diego for Pride events. In addition to its regular live music events, Spin hosts live music events twice per month designed for San Diego's LGBTQ community, including multiple "Pride Week" events.

10. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

11. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

**BACKGROUND**

**A.    Shuttered Venue Operators Grant Program**

12. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of

3

shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

13. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

14. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019. 15 U.S.C. § 9009a(c).

15. Eligible businesses with 2021 first quarter revenues of no more than 30 percent of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50 percent of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million. 15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees. Supplemental awards can be used for costs incurred through June 30, 2022. 15 U.S.C. § 9009a(d)(1)(A)(i).

16. Eligible entities under the Act include live venue operators and promoters, as well as theatrical producers, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives. 15 U.S.C. § 9009a(a)(1)(A).

17. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25 percent reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to

reopen. 15 U.S.C. § 9009a(a)(1)(A). The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

18. The Act defines live venue operator to include an entity that as a principal business activity organizes, promotes, produces or hosts live concerts or "events by performing artists" for which there is a ticketed cover charge, performers are paid in an amount set by sales or agreement, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

19. The Act specifies that for a live venue operator (as well as a live venue promoter, theatrical producer, or live performing arts organization operator) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.    Spin's SVOG Application and the SBA's Denial**

20. On April 26, 2021, Spin applied for a SVOG award of $644,547.11.

21. In its application, Spin demonstrated that it satisfied the criteria for eligibility as a live venue operator. Spin demonstrated that its losses in 2020 exceeded the 25 percent statutory threshold by submitting its tax returns for 2019 and 2020. Spin also submitted, among other things, its venue floorplans and equipment photographs, venue rent checks, sample contracts with

performance artists and promoters, receipts for marketing campaigns, screenshots of and web links to online marketing materials, and records reflecting ticket sales and cover charges. Spin additionally provided the certifications of eligibility required by the SBA's guidance on SVOG applications.

22. Spin learned from the SBA's portal that its application was denied. The portal's denial notice gave no explanation of the reason why the SBA found Spin ineligible.

23. On August 12, 2021, Spin submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, Spin's appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue operator. Spin explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue operators. Spin's supporting documentation included: its quarterly income statements for 2019, 2020, and first half of 2021; 2019 and 2020 tax returns; advertising receipts; contracts with live performing artists; box office records reflecting cover charges and ticket sales; employee records and contractor agreements reflecting engagement of a sound engineer, stage manager, security personnel, box office manager, and bookers and promoters; photographs, floorplans, and purchase orders demonstrating its defined performance space, audience space, sound mixing equipment, public address system, and lighting rig; payroll and other records reflecting its periods of operation; copies of contracts with promoters that provide for fair payment for performing artists; web links to marketing materials; and other documentation. Spin also submitted a letter from its attorney explaining how these documents satisfy SVOG Program requirements for live venue operators, as well as a letter from the San Diego Police Department regarding Spin's special permit to operate solely as a live music venue, and a letter from the Southern California Advocate for the National Independent Venues

Association and General Manager of one of Spin's direct local competitors, The Music Box, endorsing Spin's eligibility for a SVOG award as a live venue operator.

24. On August 22, 2021, the SBA notified Spin that its appeal was denied. As with the denial of Spin's application, the SBA gave no reason for denying the appeal.

25. The SBA's denial of Spin's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

26. The courts recognize a strong presumption favoring judicial review of administrative action.

27. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

28. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

29. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

30. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I - ARBITRARY AND CAPRICIOUS AGENCY ACTION

31. Spin realleges and incorporates by reference each of the preceding paragraphs and allegations.

32. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying Spin's application, nor did it provide any reason when it denied Spin's appeal.

33. Indeed, the SBA's decision on Spin's application conflicts with the evidence of Spin's eligibility that it presented to SBA in its application and in its appeal.

34. The SBA further erred by treating Spin disparately from similarly situated businesses that were granted SVOG awards. Specifically, the SBA approved the SVOG application of at least three live venues in San Diego that are Spin's direct competitors.

35. For each of these reasons, the SBA's denial of Spin's SVOG award request is arbitrary and capricious.

## COUNT II - AGENCY ACTION CONTRARY TO LAW

36. Spin realleges and incorporates by reference each of the preceding paragraphs and allegations.

37. Spin meets the Act's definition of a live venue operator and satisfies the Act's general eligibility criteria for a SVOG award.

38. The SBA's denial of Spin's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III - AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

39. Spin realleges and incorporates by reference each of the preceding paragraphs and allegations.

40. The SBA's denial of Spin's SVOG award request is supported by no evidence in the record, let alone substantial evidence. Spin's application and appeal presented evidence that demonstrates Spin is eligible for a SVOG award.

41. The SBA's denial of Spin's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, Spin respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of Spin's SVOG award request.

2. Preliminarily and permanently order Defendants to consider Spin's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award Spin $644,547.11 in SVOG funds.

4. Preliminarily and permanently order Defendants to grant Spin a supplemental SVOG award of $322,273.56.

5. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6. Award Plaintiffs their costs and reasonable attorney fees; and

7. Grant such other and further relief as the Court deems just and proper.

Dated: September 1, 2021

Respectfully submitted,

/s/ Caroline L. Wolverton
_____
Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
McKenzie F. Miller
D.C. Bar No. 1672515
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4000

*Counsel for Plaintiff Kaos Productions, Inc.*